JOURNAL ENTRY and OPINION
Defendant-appellant Wiley Ivory appeals his conviction on one count of rape, two counts of kidnapping each with sexual motivation specification, and one count of gross sexual imposition. For the reasons below, the decision of the trial court is affirmed.
In March 2000, Ivory was a friend of the victims' mother, Debbie Horton. Horton and Ivory had previously lived together and Horton described Ivory as a father figure to her daughters, "P" and "T," ages 13 and 10 respectively. After the couple split up, Horton's daughters would frequently spend time with Ivory, including spending weekends with him at his home. Horton testified that Ivory watched her daughters while she was working and helped the family financially.
On March 25, 2000, "P" and "T" were spending the weekend with Ivory. While "T" was in the attic of Ivory's home, Ivory grabbed "P" from the hallway and forced her into his bedroom. Ivory handcuffed "P" and raped her.
Horton testified that after this incident she noticed that "P" was acting strangely. "P" finally admitted to her mother what had happened. Horton immediately notified police and took her daughter to the hospital for testing.
Initially, the tests for sexually transmitted disease and pregnancy came back negative. However, "P" continued to get sick and act strangely. Horton took "P" back for testing and this time she tested positive for a sexually transmitted disease. "P" was also pregnant.
"P" had an abortion, and DNA testing of the fetus confirmed that Ivory was the father. Shortly after her abortion P tried to hang herself.
After "P" advised Horton of the incident, Horton questioned "T" about whether Ivory had ever touched her. "T" admitted to her mother that Ivory had forced her into his bedroom and fondled her once. "T" said that she told him to stop and that he let her go and left her alone.
A jury trial was held and Ivory was found guilty of one count of rape, two counts of kidnapping each with a sexual motivation specification, and one count of gross sexual imposition. The trial court sentenced Ivory to nine years on count one, eight years on count two, and seven years on count three. Each of these terms to run consecutively. Ivory was further sentenced to four years on count four, to run concurrently with counts one, two, and three. The court also classified him as a sexual predator.
Ivory raises the following assignments of error on appeal:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS RIGHT TO A FAIR AND IMPARTIAL JURY GUARANTEED TO HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN IT DENIED APPELLANT'S MOTION FOR A MISTRIAL.
The indictment against Ivory included a sexually violent predator specification. Prior to impaneling the jury, Ivory chose to have a bench trial for the determination of this specification. However, while speaking to the jury the trial court inadvertently mentioned the sexually violent predator specification.
The prosecutor immediately brought this to the trial court's attention, and the jury panel was dismissed without explanation to the dismissed jurors.
A second jury was impaneled. During voir dire, the trial court determined that it would be appropriate to individually question the jurors due to the sensitive subject matter of the trial.
While he was being individually questioned, one of the jurors stated:
 "I overheard something concerning this case here, that they dismissed the whole jury yesterday because of the defendant's past record as a sex offender."
The juror explained that he waited to tell the trial court this information until he was alone, so that the other jurors did not hear it. This juror was dismissed.
After the individual jurors were questioned, the court continued voir dire. The trial court explained to the entire jury that the prior jury was dismissed due to a technical problem; she then asked if any of the other jurors had heard about those circumstances or overheard any speculation or gossip regarding the dismissal of the previous jury. None of the jurors responded affirmatively to the court's question.
After the trial court made this inquiry, Ivory's counsel moved for a mistrial outside of the jury's presence. The trial court denied the motion.
As stated in State v. Gray (July 27, 2000), Cuyahoga App. No. 76170, unreported:
 Where a party raises the question of outside influence or information impacting a juror the trial court must hold a hearing to determine whether the communication biased the juror. State v. Johnson
(2000), 88 Ohio St.3d 95, 723 N.E.2d 1054; see, also State v. Keith (1997), 79 Ohio St.3d 514, 684 N.E.2d 47. In such a case, the trial court possesses broad discretion in dealing with the contact and determining whether to declare a mistrial or to replace an affected juror. Id; Keith. The court is not required to specifically ask whether a juror remains impartial. "A court may determine that a juror's impartiality remains unaffected based upon that juror's testimony." State v. Sheppard (1998), 84 Ohio St.3d 230, 233, 703 N.E.2d 286, citing Smith v. Phillips (1982), 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78.
A review of the record reveals that after the trial court asked the entire panel whether they had heard anything about the previous panel's dismissal, a lengthy voir dire followed. During the voir dire, both parties were permitted to question the jurors. Although Ivory's counsel moved for a mistrial prior to the completion of voir dire, he did not challenge any of the remaining jurors for cause. By failing to object to the remaining jurors after voir dire was completed, Ivory waived all but plain error. See Gray; State v. Keith (1997), 79 Ohio St.3d 514,684 N.E.2d 47; State v. Williams (1997), 79 Ohio St.3d 1, 679 N.E.2d 646.
As stated above, the trial court promptly addressed the allegation of outside influence, determined the facts and the impact on each affected juror. Therefore, we find no abuse of discretion or plain error on the part of the trial court.
Accordingly, we overrule Ivory's first assignment of error.
 II. THE CONVICTION OF WILEY IVORY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Ivory argues that his convictions on the kidnapping and gross sexual imposition charges, which allege T as the victim, was against the manifest weight of the evidence.
The standard of review for determining whether the trial court's decision was the against the manifest weight of the evidence is set forth in State v. Thompkins (1997), 78 Ohio St.3d 380, 386-87, citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717,720-721, as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
The statutes at issue are R.C. 2905.01(A)(3),[1] kidnapping, and R.C.2907.05(A)(4), gross sexual imposition.
R.C. 2905.01 provides, in pertinent part:
 (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen * * * by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
* * *
 (3) To terrorize, or to inflict serious physical harm on the victim or another * * *.
And, R.C. 2907.05, in pertinent part, provides:
 (A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
"T" testified that Ivory grabbed her arm and took her from the game room in his home into his bedroom. According to "T's" testimony, while in the bedroom he unzipped her pants and "rubbed" her "private area."
After the incident, which happened in the afternoon, "T" went to the attic and remained there overnight. She had never slept in the attic before Ivory attacked her.
"T" was ten years old at the time of the incident.
Horton testified that "T" was hesitant before her last visit to Ivory's home. She further testified that "T" cried when she asked her if Ivory had touched her inappropriately.
Ivory argues that his conviction was against the manifest weight of the evidence because "T" did not know the date of the attack. In addition, "T" could not remember what she was wearing at the time of the incident. Further, "T" told detectives that she returned to the game room after the incident, but during trial she testified that she went to the attic.
However, these are all issues of credibility, and resolving inconsistencies in the evidence and determining the credibility of the witnesses is primarily up to the fact finder. State v. DeHass (1967),10 Ohio St.2d 230, 231, 227 N.E.2d 212, 213. See, also, State v. Jenks
(1991), 61 Ohio St.3d 259, 279, 574 N.E.2d 492, 507, which provides:
 It is not the function of an appellate court to substitute its judgment for that of the fact finder. Rather, upon appellate review, the evidence must be viewed in the light most favorable to the prosecution.
Based on the foregoing, credible evidence was presented to the jury whereby it was reasonable to conclude that "T" was terrorized by Ivory's act of grabbing her, forcing her into his bedroom, and molesting her.
Thus, construing the conflicting evidence in the light most favorable to the prosecution, the verdict was not against the manifest weight of the evidence with regard to the kidnapping and gross sexual imposition charges. Accordingly, Ivory's second assignment of error is overruled.
 III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A DIRECTED VERDICT REGARDING HIS CLASSIFICATION AS A SEXUAL PREDATOR.
The State deleted the sexually violent predator specification, so a sexual predator hearing was held. At the end of the State's presentation of evidence at the sexual predator hearing, Ivory moved for directed verdict, arguing that the State failed to establish by clear and convincing evidence that Ivory was likely to commit future sexually oriented offenses. Ivory argues that the trial court erred by denying said motion.
Initially, we note that a motion for directed verdict is inappropriate in a sexual predator determination hearing because there is no jury involved in the decision making process. Civ.R. 50; State v. Scott (Feb. 15, 2001), Logan App. No. 8-2000-26, unreported.
However, regardless of the nomenclature, the State still has the burden of proving by clear and convincing evidence that Ivory is likely to commit another sexually oriented offense in the future. State v.Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, citing, State v.Ward (1999), 130 Ohio App.3d 551. By his motion, Ivory challenged whether the State met its burden. Thus, we must determine whether the State, at the close of its presentation of evidence, provided the trial court with sufficient evidence of the likelihood of recidivism.
A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
As stated in State v. Eppinger (2001), 91 Ohio St.3d 158, 164,743 N.E.2d 881, citing Cross v. Ledford (1954), 161 Ohio St. 469,477, 120 N.E.2d 118:
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof.State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to those factors enumerated in the statute. The factors in the statute are as follows:
 (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In addressing Ivory's motion for directed verdict at the sexual predator hearing, the trial court made findings under the factors listed in R.C. 2950.09(B)(2)(b), (d), (i), and (j).
In regard to R.C. 2950.09(B)(2)(b), the trial court noted Ivory's two prior convictions for crimes of violence, both felonies of the second degree, for which he had served a prison sentence.
The court applied R.C. 2950.09(B)(2)(d), finding that the rape and act of gross sexual imposition involved multiple victims.
The trial court noted Ivory's use of handcuffs in committing the rape, establishing his cruelty in the commission of the crime. See R.C.2950.09(B)(2)(i).
Further, the trial court noted Ivory's history of promiscuous sexual behavior with adult females. See R.C. 2950.09(B)(2)(j). The trial court also noted that Ivory attempted to bribe the victims into silence by threatening to cut off the financial benefits he had provided to them and their mother. See Id.
Thus, prior to Ivory's presentation of evidence, the trial court determined that the State met its burden. We agree. The fact that Ivory sexually attacked two young girls, exhibited cruelty in committing the offenses, and has a history of committing violent crimes and of promiscuous behavior, sufficiently supports a finding that he is likely to reoffend.
Prior to making the sexual predator determination, the trial court noted that the State did not present expert testimony regarding Ivory's propensity to commit sexual crimes in the future. However, the trial court further noted that the State is not required to present expert testimony to meet its burden.
Nonetheless, expert evidence was provided by Ivory. The psychological evaluation prepared on Ivory's behalf by his expert witness served to further support the finding made by the trial court that Ivory is likely to commit sexual offenses in the future. The report established that Ivory presents a medium to low risk of recidivism. Further, the psychologist concluded that Ivory "should not ever have the duty of caring for children in an unsupervised fashion" and that "he should have no unsupervised contact with female children."
Accordingly, sufficient evidence existed to classify Ivory as a sexual predator. Thus, the third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and MICHAEL J. CORRIGAN, J. CONCUR
[1] It would have been more appropriate to have indicted Ivory under R.C. 2905.01(A)(4), which provides: "To engage in sexual activity * * * with the victim against the victim's will." However, the indictment recites R.C. 2905.01(A)(3) verbatim.